IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

PAID SEARCH ENGINE TOOLS, LLC )
         ) Case No.  2:07-cv-403 (TJW)
         )
     Plaintiff,  )
   vs.     )
         )
YAHOO! INC.     )
         )
     Defendant.  )

**PLAINTIFF, PAID SEARCH ENGINE TOOLS, LLC'S,
<u>REPLY TO DEFENDANT'S COUNTERCLAIM</u>**

Plaintiff Paid Search Engine Tools, LLC ("PSET"), by and through its counsel, herein replies to the numbered paragraphs of Defendant Yahoo! Inc.'s ("Yahoo") Counterclaim ("Counterclaim"):

**<u>JURISDICTION AND VENUE</u>**

26. PSET admits the allegations of Paragraph 26 of the Counterclaim.

27. PSET admits the allegations of Paragraph 27 of the Counterclaim.

28. In response to Paragraph 28 of the Counterclaim, PSET admits that Yahoo's Counterclaim arises under the patent laws of the United States, that Yahoo's Counterclaim seeks declaratory relief, and that this Court has jurisdiction over Yahoo's Counterclaim.  PSET denies any allegation, express or implied, that United States Letters Patent No. 7,043,450 ("the '450 patent") is not infringed by Yahoo and further denies any allegation, express or implied, that the '450 patent is invalid or unenforceable.

29. PSET admits that this Court has personal jurisdiction over PSET.

30.     PSET admits that venue in this Court is appropriate.

31.     PSET admits the allegations of Paragraph 31 of the Counterclaim.

## DECLARATION OF NONINFRINGEMENT

32.     Because Paragraph 32 of the Counterclaim incorporates by reference Paragraphs 9-12 of Yahoo's Answer and Defenses ("Answer and Defenses"), PSET responds herein to Paragraphs 9-12 as follows: PSET denies all allegations in Paragraphs 9-12, including any allegations incorporated by reference therein, that are not expressly admitted herein.

33.     In response to Paragraph 33 of the Counterclaim, PSET admits that an actual and justiciable controversy exists between Yahoo and PSET.  PSET denies the remaining allegations of Paragraph 33 of the Counterclaim.

34.     PSET denies the allegations of Paragraph 34 of the Counterclaim.

35.     PSET denies the allegations of Paragraph 35 of the Counterclaim.

## DECLARATION OF INVALIDITY

36.     Because Paragraph 36 of the Counterclaim incorporates by reference Paragraph 17 of Yahoo's Answer and Defenses, PSET responds herein to Paragraph 17 as follows: PSET denies all allegations in Paragraph 17.

37.     In response to Paragraph 37 of the Counterclaim, PSET admits that an actual and justiciable controversy exists between Yahoo and PSET.  PSET denies the remaining allegations of Paragraph 37 of the Counterclaim.

38.     PSET denies the allegations of Paragraph 38 of the Counterclaim.

39.     PSET denies the allegations of Paragraph 39 of the Counterclaim.

## DECLARATION OF UNENFORCEABILITY

40.     Because Paragraph 40 of the Counterclaim incorporates by reference Paragraphs 22-25 of Yahoo's Answer and Defenses, PSET responds herein to Paragraphs 22-25 as follows:

22.     PSET denies the allegations of Paragraph 22 of Yahoo's Answer and Defenses.

23.     In response to the allegations of Paragraph 23, PSET admits only that a Response to Office Action was filed on December 1, 2005, the content of which speaks for itself.  PSET otherwise denies the allegations of Paragraph 23 of Yahoo's Answer and Defenses.

24.     In response to the allegations of Paragraph 24, PSET admits only that on July 5, 2000, a provisional patent application was filed listing Jon Keel as an inventor; that on December 20, 2002, the application leading to the '450 patent was filed listing the named inventors of the '450 patent; and that the Summary of Invention of the '450 patent application and claims were identical to the Summary of Invention and claims of the provisional patent application. PSET otherwise denies the allegations of Paragraph 24 of Yahoo's Answer and Defenses.

25.     PSET denies the allegations of Paragraph 25 of Yahoo's Answer and Defenses.

41.     PSET denies the allegations of Paragraph 41 of the Counterclaim.

42.     PSET denies the allegations of Paragraph 42 of the Counterclaim.

WHEREFORE, PSET prays for and demands the following relief:

A.     That Yahoo's Counterclaim be dismissed with prejudice and that judgment be entered for PSET;

B.     That Yahoo take nothing by its Counterclaim;

C.     That PSET be awarded its costs and attorneys fees in defending against Yahoo's Counterclaim; and,

D.     For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated:  December 3, 2007            s/ J. Robert Chambers
                                   Melissa Richards Smith
                                   GILLAM & SMITH, L.L.P.
                                   303 S. Washington Avenue
                                   Marshall, Texas 75670
                                   (903) 934-8450
                                   (903) 934-9257  (Facsimile)

                                   J. Robert Chambers, Esq. (admitted *pro hac vice*)
                                   bchambers@whepatent.com
                                   P. Andrew Blatt, Esq.
                                   dblatt@whepatent.com
                                   John Paul Davis, Esq.
                                   jdavis@whepatent.com
                                   Brett A. Schatz, Esq.
                                   bschatz@whepatent.com
                                   WOOD, HERRON & EVANS, L.L.P.
                                   2700 Carew Tower
                                   441 Vine Street
                                   Cincinnati, Ohio 45202-2917
                                   (513) 241-2324

Attorneys for Plaintiff
Paid Search Engine Tools, LLC

OF COUNSEL:

Gregory M. Utter (admitted *pro hac vice*)
W. Jeffrey Sefton (admitted *pro hac vice*)
KEATING MUETHING & KLEKAMP PLL
One East Fourth St.
Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 579-6540
Fax: (513) 579-6457
gmutter@kmklaw.com
jsefton@kmklaw.com
Attorneys for Plaintiff
Paid Search Engine Tools, LLC

446088_1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing **PLAINTIFF, PAID SEARCH ENGINE TOOLS, LLC'S, REPLY TO DEFENDANT'S COUNTERCLAIM** was served via the court's electronic filing system to David J. Healey, Matthew D. Powers, Douglas Lumish, and Daniel J. Melman, attorneys for Defendants, this 3rd day of December, 2007.


s/ J. Robert Chambers