IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PAID SEARCH ENGINE TOOLS, LLC, § § Plaintiff, § § v. § § YAHOO! INC., GOOGLE INC., and § MICROSOFT CORP., § § Defendants. § § § | CIVIL ACTION NO. 2:07-CV-403 (DF-CE) JURY TRIAL DEMANDED |

## DEFENDANTS GOOGLE AND MICROSOFT'S NOTICE OF SUPPLEMENTAL AUTHORITY

On February 10, 2010, the Court heard argument on Defendants Google and Microsoft's Motion for Summary Judgment of Anticipation. (Dkt. 92.) Defendants' motion asserts that claims 12, 13, 15, 18 and 22 of the patent at issue in this case, U.S. Patent 7,043,450 ("the '450 Patent"), are invalid in light of U.S. Patent No. 7,225,151 ("Konia"). Defendants' motion is currently pending before the Court.

On April 7, 2010, the Federal Circuit issued a precedential opinion in *Bid For Position, LLC v. AOL LLC and Google Inc.*, Case No. 09-1068 (Fed. Cir. April 7, 2010) ("Opinion") (attached herein as Exhibit A). The opinion affirmed summary judgment of non-infringement of Konia, the reference that is the subject of Defendants' motion for summary judgment in this case. The Federal Circuit's opinion provides a discussion of Konia related to the subject matter of the pending motion.

First, the Court's opinion is relevant to PSET's argument that "Konia only checks for position or ranking" and therefore does not monitor bids. (Dkt. 100, 15-16.) The Federal Circuit repeatedly noted that Konia checks <u>bids</u>, not just "rank":

1

- "Claim 1 recites, in a single subparagraph, the step of 'checking for whether a <u>first bid</u> from the first bidder exceeds a <u>second bid</u> from the second bidder,' wherein the bidders' relative position of priority 'is dependent on whether the <u>value of the first bid</u> exceeds the <u>value of the second bid</u>.' '151 patent, col. 14, ll. 15-16, 20-22 (emphases added). Under that formulation, it is clear that checking for whether the first bid exceeds the second bid has the function of determining whether the value of the first bid exceeds the value of the second bid, and thus that there is no distinction between the comparison of 'bids' and the comparison of 'bid values.'  (Opinion, 11.)

- "In the embodiment relating to an auction for a priority position for a website, the specification states that the system 'checks for whether the <u>bidder's bid</u> exceeds all other <u>bids</u> in the auction for determining continuing priority for listing the bidder's web page.' '151 patent, col. 4, ll. 52-55. Thus, it is the <u>comparison of the bids</u> (i.e., the bid amounts submitted by the bidders) that determines the position of priority, not the comparison of a separately determined 'value' of the bids, as calculated by the system." (Opinion, 12 (emphases added).)

(*See also* Opinion, 13 (discussing how the golf tee time, airline seat, and on line vendor embodiments also each "check" bids).)

Second, the opinion is relevant to PSET's argument that Konia does not meet the preamble of the '450 Patent because Konia allegedly "makes no reference whatever to managing keyword offers in a pay-per-click search engine," such as GoTo.com  (Dkt. 100, 14.)  The Federal Circuit's opinion discusses the purported novelty of Konia as "building on" continuous auctions like GoTo.com:

> The '151 patent builds on prior art involving continuous auctions for priority placement in internet search results.  An early search engine called Goto.com offered auctions in which advertisers could compete for the top positions on the search results for any given keyword.  The highest bidder would appear first in the search results, and each successive entry would be awarded to the next highest bidder.  The purported novelty of the '151 patent is that it enables bidders to pursue positions other than the highest available position.  It does so by determining whether a bidder's bid is too high for a specific position of priority that the bidder wishes to maintain in the auction.

(Opinion, 3.)

Dated: April 9, 2010

Respectfully submitted,

By: /s/ Laura A. Kolb
   (*signed with permission by Emily C. O'Brien*)
David T. Pritikin
Richard A. Cederoth
Laura L. Kolb
Sidley Austin LLP
1 South Dearborn Street
Chicago, Illinois 60603
Tel. (312) 853-7000
Fax (312) 853-7036
Email: dpritikin@sidley.com
       rcederoth@sidley.com
       lkolb@sidley.com

Eric H. Findlay
Brian Craft
Findlay Craft LLP
6760 Old Jacksonville Hwy.
Suite 101
Tyler, TX 75703
Tel. (903) 534-1100
Fax (903) 534-1137
E-mail: efindlay@findlaycraft.com
        bcraft@findlaycraft.com

*Attorneys for Defendant Microsoft Corp.*

By: /s/ Emily C. O'Brien

Charles K. Verhoeven
charlesverhoeven@quinnemanuel.com
David A. Perlson
davidperlson@quinnemanuel.com
Antonio R. Sistos,
antoniosistos@quinnemanuel.com
Emily C. O'Brien
emilyobrien@quinnemanuel.com
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, California  94111
Telephone:      (415) 875 6600
Facsimile:      (415) 875 6700

3

4

        Nicholas H. Patton
        SBN: 15631000
        nickpatton@texarkanalaw.com
        Robert William Schroeder, III
        SBN: 24029190
        tschroeder@texarkanalaw.com
        PATTON, TIDWELL & SCHROEDER, LLP
        4605 Texas Boulevard
        P. O. Box 5398
        Texarkana, Texas 7550505398
        (903) 792-7080
        (903) 792-8233 (fax)

        *Attorneys for Defendant Google Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 9th day of April, 2010, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

By  /s/ Emily C. O'Brien
Emily C. O'Brien