IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PAID SEARCH ENGINE TOOLS, LLC | § § | |
| v. | § § | |
| YAHOO! INC., ET AL., | § § | CIVIL ACTION NO. 2:07-CV-403 |
| Defendants. | § § | |

**O R D E R**

Before the Court is Defendants' Statement of Objections to the Magistrate Judge's Report and Recommendation Regarding Google Inc.'s and Microsoft Corp.'s Motion for Summary Judgment of Invalidity. Dkt. No. 179. Also before the Court are Plaintiff's Response, Defendants' Reply, and Plaintiff's Sur-Reply. Dkt. Nos. 187, 189, and 195, respectively. Having considered all the relevant papers and pleadings, the Court finds that Defendants' Objections to the Magistrate Judge's Report and Recommendation should be **overruled**.

**I. BACKGROUND**

On September 13, 2007, Plaintiff Paid Search Engine Tools, LLC ("PSET") initiated this patent infringement suit against Yahoo! Inc. alleging infringement of U.S. Patent No. 7,043,450 ("the '450 patent"). Dkt. No. 1. On February 12, 2008, PSET filed a separate suit against Google, Inc. ("Google") and Microsoft Corp. ("Microsoft") (collectively, "Defendants") also alleging infringement of the '450 patent. *See Paid Search Engine Tools, LLC v. Google, Inc.*, No. 2:08-CV-061 (E.D. Tex). On June 4, 2009, the undersigned ordered that the second suit be consolidated with the above-captioned cause. Dkt. No. 62. The undersigned also ordered that the consolidated action be referred to the Honorable Chad Everingham for case management. *Id.*

Judge Everingham issued a claim construction order on May 10, 2010.[1]

Defendants filed a motion for summary judgment of invalidity as to the '450 patent arguing that claims 12, 13, 15, 18, and 22 are invalid as anticipated by U.S. Patent No. 7,225,151 to Konia ("Konia"). The Federal Circuit recently addressed the scope of Konia in *Bid for Position, LLC v. AOL, LLC*, 601 F.3d 1311 (2010).

Magistrate Judge Everingham issued a Report and Recommendation ("Recommendation") on July 7, 2010 recommending granting in part and denying in part Defendants' motion for summary judgment. Dkt. No. 172. Specifically, the Magistrate Judge recommended granting the motion as to claims 12, 18, and 22 and denying the motion as to claims 13 at 15.

## II. REPORT AND RECOMMENDATION

The Magistrate Judge found that dependant claims 13 and 15 were not anticipated by Konia. Dkt. No. 172 at 9. Claim 13 recites: "The method of claim 12 wherein the identified change creates a differential in offers meeting certain criteria." Claim 15 states: "The method of claim 14 wherein the criteria identify differentials between offers larger than a minimum currency amount."

Defendants argued that Konia anticipates both claims. Defendants cited Konia's disclosure of "If a system dinds that the bidder has achieved the proper position in the search engine with respect to the current term being processed, the system may reduce the bid to a minimum which allows the bidder to keep the position, step 210." *Id*. at 9-10. The "minimum

---

[1] Magistrate Judge Everingham issued an order on September 24, 2010, modifying the claim construction order. Dkt. No. 203. Judge Everingham's modification does not concern a claim implicated by Defendants' motion for summary judgment, the Report and Recommendation, or the present objections.

which allows the bidder to keep the position," argued Defendants, corresponded to the "minimum currency amount" of claims 13 and 15. *Id*. at 10.

The Magistrate Judge disagreed and found that the "minimum currency amount" of claims 13 and 15 refers to "the *difference* between bids, not the value of the next lower bid." *Id*. (emphasis in original). The Magistrate Judge found that claims 13 and 15 "thus refer to a minimum increment or decrement in which bids may be raised or lowered" such that "a bid optimization opportunity occurs when the differences between bids exceeds the minimum bid decrement amount." *Id*. Finding this lacking in Konia, the Magistrate Judge recommended denying Defendants' motion as to claims 13 and 15. *Id*.

### III. DEFENDANTS' OBJECTIONS

Defendants object reurging their previous argument that Konia discloses that a bid may be increased or decreased if the difference exceeds a minimum amount. Dkt. No. 179 at 2. Defendants submit that "Konia discloses that '[i]f the system finds that the bidder has achieved the proper position in the search engine with respect to the current term being processed, the system may reduce the bid to a minimum which allows the bidder to keep the position.'" *Id*. at 3. Accordingly, Defendants contend that since the Konia system "may" reduce a bid to a minimum, Konia teaches the very conditional bid changing features required by claims 13 and 15. *Id*. Defendants add, "If the difference between the bidder's bid and the next lower bid did not exceed the 'minimum bid increment or decrement in which bids may be raised or lowered' in the auction system, as required by claims 13 and 15, then Konia could not reduce the bidder's bid without losing the bidder's desired position." *Id*. Defendants also argue that the Recommendation applied an improper claim construction and should not have required proof of invalidity by clear

-3-

and convincing evidence. *Id*. at 4-5.

## IV. DISCUSSION

### A. Legal Principles

In a motion for summary judgment, the moving party has the initial burden of showing that there is no genuine issue of any material fact and that judgment should be entered as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). An issue is "material" where it involves a fact that might affect the outcome of the suit under the governing law of the underlying cause of action. *See Burgos v. S.W. Bell Tel. Co.,* 20 F.3d 633, 635 (5th Cir. 1994) (citing *Anderson,* 477 U.S. at 248). The nonmovant is not required to respond to a motion for summary judgment until the movant first meets its burden of demonstrating that there are no factual issues warranting trial. *Ashe v. Corley,* 992 F.2d 540 (5th Cir. 1993). Once the movant has shown the absence of material fact issues, however, the opposing party has a duty to respond, via affidavits or other means, asserting specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248.

### B. *De Novo* Review

Anticipation under 35 U.S.C. §102 means lack of novelty and is a question of fact. *Brown v. 3M*, 265 F.3d 1349, 1351 (Fed. Cir. 2001). Anticipation may be decided on summary judgment if the record reveals no genuine issue of material fact. *Leggett & Platt, Inc v. VUTEk,*

*Inc.*, 537 F.3d 1349, 1352 (Fed. Cir. 2008). To anticipate, every element and limitation of the claimed invention must be found in a single prior art reference, arranged as in the claim. *Id*.

In this case, Defendants have not met their burden to demonstrate that no genuine issue of material fact exists with respect to anticipation of claim 13 and 15 by Konia. Claims 13 and 15 disclose creating or identifying differentials. The Court has construed the term "creates a differential in offers meeting certain criteria" to mean "creates a difference between the offer's offer and the offer of other parties that exceeds a minimum currency amount." Although Konia discloses monitoring keyword offers based on bid amounts,[2] there is a question of fact as to whether Konia discloses creating these differences and changing the bid amounts if the difference exceeds a minimum amount. The language of Konia cited by Defendants discusses reducing the bid based on the position achieved, but a fact question exists as to how that position is achieved, i.e., whether differentials are created or identified. Accordingly, as the Magistrate Judge found, summary judgment as to claims 13 and 15 would be improper.

As discussed in the Court's Order on Defendants' Objections to the May 10 Claim Construction Memorandum Opinion and Order, the Court finds no error in the *Markman* Order's construction of "creates a differential in offers meeting certain criteria." *See* Order on Defendants' Objections to the May 10 Claim Construction Memorandum Opinion and Order, filed contemporaneously herewith.

Finally, until the Federal Circuit or other binding authority holds otherwise, the presumption of validity must be overcome by clear and convincing evidence. *Iovate Health*

---

[2] *See* Order on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation on Defendants' Motion for Summary Judgment of Invalidity, filed contemporaneously herewith.

*Sciences, Inc. v. Bio-Engineered Supplements & Nutrition, Inc.*, 586 F.3d 1376, 1380 (Fed. Cir. 2009) ("Patents enjoy a presumption of validity, 35 U.S.C. § 282 (2006), and a party seeking to invalidate a patent must overcome this presumption by facts supported by clear and convincing evidence.").

## V. CONCLUSION

For the reasons stated above, Defendants' Objections to the Magistrate Judge's Report and Recommendation Regarding Google Inc.'s and Microsoft Corp.'s Motion for Summary Judgment of Invalidity, Dkt. No. 179, are hereby **OVERRULED**. Further, the Report and Recommendation of the Magistrate Judge, Dkt. No. 172, is hereby **ADOPTED**. Further also, Defendants' Motion for Summary Judgment of Invalidity for Anticipation of Claims 12, 13, 15, 18, and 22 of U.S. Patent No. 7,043,450 Under 35 U.S.C. § 102(e), Dkt. No. 92, is hereby **GRANTED IN PART** as to claims 12, 18, and 22 and **DENIED IN PART** as to claims 13 and 15.

**IT IS SO ORDERED.**

**SIGNED this 28th day of September, 2010.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE