IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | |
|---|---|
| PAID SEARCH ENGINE TOOLS, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>YAHOO! INC.<br><br>*Defendant.* | CIVIL ACTION NO. 2:07-cv-403<br><br>JURY TRIAL DEMANDED<br><br>Filed Under Seal |
| PAID SEARCH ENGINE TOOLS, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>GOOGLE, INC., AND MICROSOFT CORP.,<br><br>*Defendants.* | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON GOOGLE INC.'S AND MICROSOFT CORP.'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY**

I.  **INTRODUCTION**

Plaintiff Paid Search Engine Tools, LLC's ("PSET's") objections to Magistrate Judge Everingham's Report and Recommendations ("Report") are erroneous and fail to raise a genuine issue of material fact disputing that U.S. Patent No. 7,225,151 ("Konia") anticipates claims 12, 18 and 22 of U.S. Patent No. 7,043,450 ("the '450 Patent"). PSET's assertion that, as a rule, any expert declaration creates a question of material fact contradicts black letter law. Similarly, and notwithstanding the fact that the Report <u>does</u> address the assertions made by PSET that are repeated in the declaration, PSET's assertion that the Court is required to expressly address PSET's conclusory expert declaration is without any legal support.

PSET also renews its misguided efforts to distinguish Konia on the grounds that Konia allegedly monitors only bid ranks, not bid amounts. PSET goes so far as to contend that the Federal Circuit's opinion in *Bid for Position, LLC v. AOL LLC*, 601 F.3d 1311 (Fed. Cir. 2010) did not hold that Konia teaches the monitoring of bid amounts, even though the express language of the decision – not to mention Konia itself – says otherwise. PSET's attempts to overturn the Report and create a question of material fact where none exists are thus in error. Accordingly, Defendants respectfully request that the Court deny PSET's objections and enter the Report's finding of invalidity of claims 12, 18 and 22 of the '450 Patent for anticipation.[1]

II.  **ARGUMENT**

A.  **The Federal Circuit Determined that Konia Monitors Bid Amounts.**

PSET objects to Magistrate Judge Everingham's Report on the grounds that the Court allegedly improperly relied on the Federal Circuit's *Bid for Position, LLC v. AOL LLC*, 601 F.3d 1311 (Fed. Cir. 2010) decision, which interpreted Konia's claims. PSET alleges that the *Bid for*

---

[1] As set forth in Defendants' Statement of Objections to the Magistrate Judge's Report and Recommendation Regarding Google Inc.'s and Microsoft Corp.'s Motion for Summary Judgment of Invalidity (Dkt. No. 179), Konia also anticipates claims 13 and 15 of the '450 Patent.

*Position* opinion somehow does not address whether Konia discloses monitoring bid amounts because that specific issue was not directly before the Court. (Dkt. 180, 6.) Plaintiff's argument, however, ignores the clear and unmistakable language of the Federal Circuit's opinion squarely addressing this point.

As an initial matter, the Court did not rely only on the *Bid for Position* opinion in rendering its conclusion that claims 12, 18 and 22 are anticipated by Konia. Importantly, the Court relied primarily on the express language of the claims and the Konia disclosure, which unequivocally disclose monitoring bid amounts. The Court relied on *Bid for Position* only as additional support to the disclosure of the Konia patent. Thus, PSET's implication that the Court's reliance on the *Bid for Position* opinion was outcome-determinative or improper is incorrect.

In any event, the Court properly relied on the Federal Circuit's conclusion in the *Bid for Position* opinion that Konia discloses the monitoring of bid amounts. In *Bid for Position*, the Federal Circuit reviewed the district court's grant of summary judgment on the grounds that Google's AdWords internet advertising system did not infringe Konia's claimed method of managing auctions. One of the central questions to the Federal Circuit's inquiry was the meaning of "value" as used in the following limitation in Konia, "wherein the relative position of priority for providing the service for the first bidder is dependent upon whether the value of the first bid exceeds the value of the second bid." *Bid For Position*, 601 F.3d at 1313. PSET itself acknowledges that this was one of the primary issues considered by the Federal Circuit. (Dkt. 180, 6-8.) The Federal Circuit determined that the "'value' of the bid [as used in Konia] is equated with the bid itself, i.e., the amount of the bid as offered by the bidder." *Id.* at 1318. Based on this construction, the Federal Circuit held that Google's AdWords auction did not

infringe Konia because in Konia, "the ultimate placement of an advertisement is purely a function of the relative amounts <u>of the competing advertisers' bids</u>, whereas in AdWords the ultimate placement of an advertisement is dictated by the product of the bid amount and the Quality Score that AdWords assigns." *Id.* at 1318-19 (emphasis added). In doing so, the Federal Circuit explicitly found that Konia teaches "the comparison of the bids (i.e. the bid amounts submitted by the bidders) ". *Id.* at 1318. Accordingly, contrary to PSET's allegations, the Federal Circuit opinion squarely holds that Konia teaches the monitoring of bid amounts.

PSET attempts to misdirect this Court regarding the scope of the Federal Circuit's opinion, stating that "the Federal Circuit only decided what kind of auction Konia required". (Dkt. 180, 8.) PSET's argument, however, ignores the fact that the Federal Circuit did not reach its holding regarding the "kind of auction Konia required" in a vacuum and opined at length about the scope of various aspects of Konia – including Konia's disclosure regarding monitoring of bid amounts. In short, just as the Court in its Report and Recommendation recognized that Konia did monitor bid amounts, so too did the Federal Circuit hold that Konia compares bid amounts. *Id.* at 1318.

### B. PSET's Expert Testimony Does Not Create a Question of Material Fact.

PSET also objects to the Report on the grounds that the Court allegedly failed to address PSET's expert declaration. However, PSET cites to no authority to support its proposition that the court <u>must</u> address expressly an expert's declaration in a decision granting summary judgment. (Dkt. No. 180, 16.) In fact, the Supreme Court held in *KSR Int'l Co. v. Teleflex Inc.* that expert testimony for an obviousness determination may be unnecessary and, even if present, may not create a genuine issue of material fact. 550 U.S. 398, 427 (2007); *see also Wyers v. Master Lock Co.*, No. 2009-1142, slip op. at 14 (Fed. Cir. July 22, 2010). A court need not rely on an expert where, as here, it can readily understand the claimed technology. Indeed, the

Federal Circuit has recognized that "[i]n many patent cases expert testimony will not be necessary because the technology will be easily understandable without the need for expert explanatory testimony." *Centricut, LLC v. Esab Group, Inc.*, 390 F.3d 1361, 1369 (Fed. Cir. 2004) (citing *Union Carbide Corp. v. Am. Can Co.*, 724 F.2d 1567, 1573 (Fed. Cir. 1984).

PSET also wrongly contends that expert testimony necessarily creates a question of material fact. The Federal Circuit has held that a conclusory expert report will not give rise to a question of material fact. *Iovate Health Sciences, Inc. v. Bio-Engineered Supplements & Nutrition, Inc.*, 586 F.3d 1376, 1381 (Fed. Cir. 2009); *see also Invitrogen Corp. v. Clontech Labs., Inc.*, 429 F.3d 1052, 1080 (Fed. Cir. 2005) ("A party does not manufacture more than a merely colorable dispute simply by submitting an expert declaration . . . . [T]here must be some foundation or basis for the opinion."). In *Iovate*, the Federal Circuit upheld the Eastern District of Texas' grant of summary judgment for anticipation despite the patentee's submission of an expert declaration. There, the court found that the expert declaration failed to provide any evidence in support of the expert's assertions and therefore "borders on the frivolous." *Id.*

Like in *Iovate*, PSET's expert declaration merely parrots PSET's flawed arguments in opposition to Defendants' summary judgment motion without citing any support and therefore, as the Report properly found, does not raise a question of material fact. As described in Defendants' December 23, 2009 reply brief, PSET's expert declaration arrives at conclusions contrary to the plain language of Konia and which defy common sense. (Dkt. No. 104, 8-10.) For example, PSET's expert interprets Konia's disclosure of bid optimization, i.e. the elimination of bid gaps by reducing bids to a minimum amount needed to keep the position, to actually teach an incremental reduction in a bidder's bid after reaching his desired position until the bidder loses that desired position. (Hochman Dec. [Dkt. No. 100-2], ¶ 29.) Thus, PSET's expert interprets a

change that "allows a bidder to <u>keep</u> the position" (Konia, 4:60 (emphasis added)) as meaning that "the bidder <u>loses</u> his position" (Hochman Dec., ¶ 29 (emphasis added)). As the Report correctly found, these nonsensical, conclusory opinions do not give rise to a question of material fact.

Plaintiff's cited cases do not support Plaintiff's argument. For example, Plaintiff relies on *Dayco Prods., Inc. v. Total Containment, Inc.*, 329 F.3d 1358 (Fed. Cir. 2003). (Dkt. No. 180, 16-17.) In *Dayco*, the patentee's expert stated that the prior art failed to disclose that a component was made of a particular material. *Dayco*, 329 F.3d at 1369. The accused infringer responded that a figure depicting the component inherently disclosed the material, but provided no support for this assertion. *Id.* The Federal Circuit found that a genuine issue of material fact existed as to the whether the patent-at-issue was anticipated because the accused infringer did not provide sufficient support for its argument that the missing element was inherent in the prior art, not because expert testimony necessarily created an issue of fact. *Id.*

PSET also cites the holding in *Schumer v. Lab. Computer Sys., Inc.*, 308 F.3d 1304, 1315 (Fed. Cir. 2002) to argue that "[e]vidence regarding anticipation…typically comes from testimony from one skilled in the art." (Dkt. 180, 15.) However, the *Schumer* case found that sworn testimony that had been provided by the defendants was conclusory, confusing and insufficient to support a summary judgment ruling of anticipation, which is inapposite here. *Schumer*, 308 F.3d at 1315-16.

Similarly, the *Invitrogen* case cited by PSET does not stand for the proposition that expert testimony is necessary for a finding of summary judgment of anticipation. Instead it held that in that particular case defendant's argument did not overcome clear deficiencies in the expert testimony that the defendant had provided. *Invitrogen*, 429 F.3d at 1068. In other words, these

cases (as well as the other cases cited by Plaintiff) at most stand for the proposition that an expert report or expert testimony <u>may</u> create an issue of fact, not that it <u>must</u> create an issue of fact.

Following PSET's argument to its logical conclusion, any party could defeat a summary judgment motion simply by submitting an expert declaration. This argument is without merit, and was properly rejected by the Court.[2]

### C. The Report Expressly Rejected PSET's Assertions Related to the Expert Declaration.

PSET alleges that the Report "neither explained why Hochman was incorrect nor discredited his conclusions in any way." (Dkt. 180, 16.) This is incorrect. The Report does address PSET's assertions that are simply repeated in the Hochman declaration. (*E.g.*, Report, 5-7.)

In fact, PSET's only argument on this point is that the Report fails to Hochman's assertion that Konia does not monitor bids. (Dkt. 180, 15-16.) The Report, however, expressly recognizes PSET's position as to this limitation. (Report, 5.) It then shows, based on the plain language of Konia as confirmed by the Federal Circuit, that PSET's position is simply wrong. (*Id.*, 6.) Contrary to PSET's assertion, the Report cites not only the language of Konia's claims and the Federal Circuit's interpretation in support of its position, but also portions of Konia's specification. (*Compare* Dkt. 180, 13 *with* Report, 6.)

---

[2] PSET also argues that the Court should "grant summary judgment finding that Konia does *not* anticipate claims 12, 18 and 22 of the '450 Patent" because PSET was "the only party who has submitted *any* evidence concerning anticipation". (Dkt. 180, 14, 14 n.3.) PSET's argument is without merit. As discussed in detail above, Defendants presented ample evidence that Konia anticipates claims 12, 18 and 22 of the '450 Patent. Moreover, none of the cases PSET cites support the argument that summary judgment should be granted in favor of the non-movant <u>solely</u> because the non-movant provided expert testimony. Indeed, in *Massey v. Del Labs, Inc.*, 118 F.3d 1568, 1572 (Fed. Cir. 1997), which Plaintiff relies on to argue it should be granted summary judgment of no anticipation, the Federal Circuit reversed such a ruling on the grounds that the movant had not had a "full and fair opportunity to proffer material evidence". *Id.*, at 1573.

7

The Report also acknowledges and rejects another argument made by PSET and found in the Hochman declaration: that Konia does not disclose the optimization of bids. (*Id.*, 6-7.) The Report finds that Konia's disclosure of "reduc[ing] the bid to a minimum that allows the bidder to keep the position" discloses the optimization of bids as described in the '450 Patent. (Konia 4:59-60; Report, 6-7.)

Where, as here, a declaration blindly ignores the content of a reference, nothing more is required from the Court.

### D. PSET Raises No Genuine Issues of Material Fact as to Whether Konia Anticipates Claims 12, 18 and 22 of the '450 Patent.

Magistrate Judge Everingham correctly found that Konia anticipates claims 12, 18 and 22 of the '450 Patent. "A patent is invalid for anticipation if a single prior art reference discloses each and every limitation of the claimed invention." *Schering Corp. v. Geneva Pharms., Inc.*, 339 F.3d 1373, 1377 (Fed. Cir. 2003). Although anticipation is a question of fact, it may be decided on summary judgment "if the record reveals no genuine dispute of material fact." *Leggett & Platt, Inc. v. VUTEk, Inc.*, 537 F.3d 1349, 1352 (Fed. Cir. 2008). Plaintiff cannot rest upon the mere allegations or denials of the pleadings, but must instead produce specific facts, by affidavit or other evidentiary materials, showing that there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Here, PSET fails to raise any genuine issue of material fact as to whether Konia anticipates the asserted claims. PSET contends that Konia does not anticipate claims 12, 18 or 22 of the '450 Patent because Konia allegedly monitors keyword bid rankings, not keyword bid amounts. (Dkt. 180, 21-24.) However, this assertion directly contradicts not only the Federal Circuit's *Bid for Position* holding, as described above, but also the express words of the patent itself: "the method comprises checking for whether a first bid exceeds a second bid." (Dkt. No.

104, 4-5; Konia, 1:37-38.) PSET asserts also that "nowhere in the claim language does Konia disclose that his method *identifies other advertiser's bid amounts* or *calculates differentials of bid amounts*, as does the '450 patent. (Dkt. 180, 5.) This assertion is illogical, given that claims 1 and 11 explicitly include such an identification-- "checking for whether a first bid from the first bidder exceeds a second bid from the second bidder." (Konia, claims 1, 11.) The Report properly rejected PSET's unsupportable position and found Konia to disclose the "monitoring keyword offers" limitation. (Report, 5-7.)

And PSET raises no additional arguments regarding the other limitations of claim 12 and claim 18.[3] As the Report found, Konia's description of a method of placing bids for keywords (Konia, 1:62-67) and its reference to GoTo.com (Konia, 1:12-22) disclose claim 12's preamble. (Report, 4-5.) Plaintiff did not dispute that Konia meets the "receiving an authorization" limitation of claim 12. (*Id.*, 5.) And Konia undisputedly changes bids: "the system may reduce the bid to a minimum which allows the bidder to keep the position, step 210. Otherwise, the system increases the bid without exceeding the maximum entered by the bidder, step 212." (Konia, 4:59-62.) For the "implementing said change" limitation, PSET merely repeated its

---

[3]

earlier flawed argument about monitoring bids, which the Report rejected. (Report, 8.) Konia's reduction of a bid to a minimum also meets the limitation of claim 18. (Konia, 4:59-60; Report, 8.)

PSET alleges that Konia does not anticipate claim 22 because claim 22 requires a change in an offer "generated in response to offered prices and other data." (Dkt. 180, 23.) PSET alleges that "Claim 22 thus requires more than one factor be involved in the identification of a change". (*Id.*) However, PSET does not dispute that a desired bid rank constitutes "other data" as claimed by the '450 Patent or that Konia discloses a change in an offer generated in response to bid minimums or maximums (which are offered prices) and desired position. (Dkt. No. 100, 21-22; Dkt. No. 180, 23.) Thus, PSET fails to provide any actual argument as to why Konia does not teach claim 22 of the '450 Patent.

### III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's objections to Magistrate Judge Everingham's Report and Recommendation on Google Inc.'s and Microsoft Corp.'s Motion for Summary Judgment of Invalidity.

Respectfully submitted,

Dated: August 2, 2010   By:   /s/ Emily C. O'Brien

Charles K. Verhoeven,
charlesverhoeven@quinnemanuel.com
David A. Perlson,
davidperlson@quinnemanuel.com
Antonio R. Sistos,
antoniosistos@quinnemanuel.com
Emily C. O'Brien,
emilyobrien@quinnemanuel.com
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, California 94111

        Telephone:  (415) 875-6600
        Facsimile:  (415) 875-6700

Nicholas H. Patton
SBN: 15631000
PATTON, TIDWELL & SCHROEDER, LLP
4605 Texas Boulevard
P. O. Box 5398
Texarkana, Texas 7550505398
(903) 792-7080
(903) 792-8233 (fax)

ATTORNEYS FOR DEFENDANT GOOGLE INC.

Dated: August 2, 2010    By:   /s/ Richard A. Cederoth
*(with permission by Emily C. O'Brien)*
Richard A. Cederoth
rcederoth@sidley.com
David T. Pritikin
dpritikin@sidley.com
Laura L. Kolb
lkolb@sidley.com
SIDLEY AUSTIN
One South Dearborn St
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Brian Craft
bcraft@findlaycraft.com
Eric Hugh Findlay
efindlay@findlaycraft.com
Findlay Craft, LLP
6760 Old Jacksonville Highway, Suite 101
Tyler, TX 75703
Telephone: 903-534-1100
Facsimile: 903-534-1137

ATTORNEYS FOR DEFENDANT
MICROSOFT CORPORATION

Dated: August 2, 2010        By:    /s/ Douglas E. Lumish
*(with permission by Emily C. O'Brien)*
Matthew D. Powers (Bar. No. 104795)
matthew.powers@weil.com
Douglas E. Lumish (Bar. No. 183863)
doug.lumish@weil.com
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Pkwy.
Redwood Shores, CA 94065
Tel: 650.802.3000
Fax: 650.802.3100

Peter Sandel (Pro Hac Vice)
peter.sandel@weil.com
Danielle Rosenthal (Pro Hac Vice)
danielle.rosenthal@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: 212.310.8000
Fax: 212.310.8007

ATTORNEYS FOR DEFENDANT YAHOO! INC.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served via electronic mail with a copy of this document on August 2, 2010.

/s/ Emily C. O'Brien

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

This is to certify that this brief and Exhibits A and B to the brief should be filed under seal because they contain material covered by the protective order approved and entered in this case as the Agreed Protective Order of March 6, 2009, Docket No. 73.

/s/ Emily C. O'Brien